# John Hartman, Plff. in Err., *v.* Commonwealth of Pennsylvania, for Use, etc.

In an action against the surety of a guardian, to recover a balance due the ward on the final account of the guardian, it is no defense' that the orphans' court required the guardian to give an additional bond with other sureties than the defendants, before other money belonging to the ward was received by the guardian.

(Argued February 29, 1888. Decided April 30, 1888.)

NOTE.—The surety on the bond of the guardian is ordinarily liable for funds received by the latter at any time, as held in the above case. A proportionate share may be recovered from the sureties on the additional bond given. Com. v. Cox, 36 Pa. 442; Com. v. Transue, 2 Northampton Co. Rep. 313. But where land is sold by order of the orphans' court, and a bond is given to protect the proceeds, the surety on the original bond is not liable. Blauser v. Diehl, 90 Pa. 350; Com. use of Boyer v. Pray, 125 Pa. 542, 17 Atl. 450. The rule is otherwise where the land is not sold by the guardian, but mere proceeds of land sold by others is received. Lloyd v. Com. 35 Phila. Leg. Int. 171; Heckscher v. Sheafer, post, p. 221.

July Term, 1887, Nos. 45, 46, E. D. All the Judges present. Error to the Common Pleas of Berks County to review a judgment in favor of the plaintiff in an action of debt, December Term, 1886, No. 55. Affirmed.

This action was brought by the commonwealth for the use of the Reading Fire Insurance & Trust Company, guardian of Calvin Guldin, against Samuel K. Cleaver, George S. Kieffer, and John Hartman.

John Hartman filed the following affidavit of defense:

"On March 2, 1878, this deponent and George S. Kieffer became the sureties on the bond of Samuel K. Cleaver, who had been appointed the guardian of the person and estate of Calvin Guldin, a minor son of Daniel Guldin, deceased; the amount of the bond is in the sum of $2,000; the amount of money that came into the hands of said guardian on April 1, 1878, in pursuance of said guardianship, is $952.77; that said amount was the entire share of said minor in his deceased father's estate, and at said time said minor had no other estate whatever.

"Subsequent to the receipt of said sum of $952.77, and after the estate of said Daniel Guldin had been fully settled, John Guldin, the grandfather, died and bequeathed an amount of money to said minor; said guardian then entered another bond, approved by the court, and received the portion of said minor from the executor of said John Guldin, deceased; on said last bond George S. Kieffer alone is surety.

"Counsel of plaintiff filed the account of said guardian, but did not separate the two accounts arising out of the separate estates. Upon an adjudication by the orphans' court said account has not been separated. A decree has been entered by said orphans' court for the balance as ascertained by the adjudication. The liability of this deponent has not been ascertained; and he avers that he is not liable, under any circumstances, for the whole of said decree. Deponent further saith that he cannot be held liable for more than the amount that passed into the hands of the guardian on April 1, 1878, with interest, less money expended by the guardian for said ward up to April 1, 1882, a proportion of the compensation."

The court, HAGENMAN, P. J., after argument filed the following opinion:

A guardian is liable for all moneys which come into his

hands belonging to his ward during his guardianship, and the surety is also liable on his bond for such moneys equal to the penalty named therein without regard to the times when such moneys were received. It is no defense to an action on the bond that the several sums received exceeded the amount which it was supposed would come into the guardian's hands at the time he was appointed. Nor is it a defense to such a bond that the orphans' court required him to give an additional bond with other sureties, before other money belonging to the ward was received by the guardian. Such bond was merely cumulative or additional security.

These views are fully sustained by the case of Lloyd v. Com. 35 Phila. Leg. Int. 171. In that case the bond was given for what was supposed to be the personal estate and the estimated rents of the realty. Subsequently, the real estate was sold under proceedings in partition. Before the guardian was permitted to receive the ward's share he was required to give additional bond. The supreme court held the sureties on the first bond liable for the proceeds of the sale of the real estate. The money was received by virtue of his original appointment, and not by any new power conferred by the second bond. The guardian being indebted to his ward in a sum greater than the penalty named in the bond, judgment must be entered for the use plaintiff for the whole penalty.

And now, April 4, 1887, judgment for the commonwealth for $2,000, and judgment for the commonwealth for the use of the Reading Fire Insurance & Trust Company, guardian of Calvin Guldin, for $2,000.

Hartman took this writ, assigning as error the action of the court in entering judgment for plaintiff, for want of a sufficient affidavit of defense.

*Hiram Y. Kaufman,* for plaintiff in error.—The courts have uniformly held the bondsmen of guardians liable only in accordance with their contracts, neither extending nor limiting their liability beyond the actual estates of minors at the time such bonds were executed and approved. Com. v. Simonton, 1 Watts, 310; Blauser v. Diehl, 90 Pa. 350; Linton v. First Nat. Bank, 29 Pa. L. J. 297.

*William P. Bard,* for defendant in error.—The supreme

court has held sureties liable for moneys which came into a guardian's hands under his original power, in a case when he received the same from another source subsequent to his appointment. In Lloyd v. Com. 35 Phila. Leg. Int. 171, this principle is decided by Justice PAXSON, wherein he says: The sureties on a guardian's bond are responsible for the proceeds of real estate not sold by him, but under an order in the orphans' court in partition, though additional security was given in awarding him the fund.

There can be no doubt that Samuel K. Cleaver's appointment as guardian conferred upon him a general power agreeably to the provisions of the act of assembly. If his power had been limited, the court would have so expressed it; if he had executed a particular trust, as for the sale of real estate, then the court would have required from him a bond for the faithful performance thereof.

This doctrine is settled in Blauser v. Diehl, 90 Pa. 352, in which Justice GORDON affirms the principle laid down in Lloyd v. Com., and adds: "In such case there is no new power conferred upon the guardian; he takes by virtue of his original appointment."

PER CURIAM:

This case has been so properly disposed of in the opinion of the learned judge of the court below that nothing remains for us but to concur in it.

The judgment is affirmed.